FILED
'S OFFICE
05 MAR 22 P 2: 55
DISTRICT COURT
DISTRICT OF MASS
RECEIPT #
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 3/24/05

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

05 10606 REK

SHERYL SATTERTHWAITE AS
EXECUTRIX OF THE ESTATE OF
DENNIS SATTERTHWAITE       MAGISTRATE JUDGE _New Macy_

Plaintiff,

No.

vs.

UNITED STATES OF AMERICA,
UNIVERSAL HEALTH SERVICES, INC.,
ARTHUR N. PAPPAS, M.D. AND
CATHERINE SULLIVAN, R.N.C.

Defendants.

## COMPLAINT

1. The plaintiff, Sheryl Satterthwaite, resides at 58 Highland Road, Town of Abington, County of Plymouth, Commonwealth of Massachusetts.

2. The plaintiff, Sheryl Satterthwaite, was the wife of the late Dennis Satterthwaite and is the duly appointed Executrix of the Estate of Dennis Satterthwaite, late of 69 Revere Road, City of Quincy, County of Norfolk, Commonwealth of Massachusetts.

3. The defendant, United States of America, is a governmental entity duly organized under law.

4. The defendant, Universal Health Services, Inc., is foreign corporation duly organized under the laws of Delaware having a principal place of business at 367 South Gulph Road, King of Prussia, Pennsylvania.

5. The defendant, Universal Health Services, Inc., at all relevant times

conducted business within the Commonwealth of Massachusetts and operated the medical facility known as Westwood Lodge Hospital, 45 Clapboardtree Street, Town of Westwood, County of Norfolk, Commonwealth of Massachusetts.

6.   The defendant, Arthur N. Pappas, M.D., is a licensed, practicing physician having a usual place of business at 45 Clapboardtree Street, Town of Westwood, County of Norfolk, Commonwealth of Massachusetts.

7.   The defendant, Catherine Sullivan, R.N.C., was at all material times a nurse licensed to practice in the Commonwealth of Massachusetts with a regular place of business at 45 Clapboardtree Street, Town of Westwood, County of Norfolk, Commonwealth of Massachusetts.

## The Facts

8.   In or about May, 2002, the defendant, Arthur N. Pappas, M.D., undertook to care for and treat the plaintiff's decedent, Dennis Satterthwaite, while he was a patient at the Westwood Lodge Hospital located at 45 Clapboardtree Street, Westwood, Massachusetts and at various other times; in so doing, the defendant owed to the plaintiff's decedent the duty of using due care and skill. In violation of the duty of care and skill owed to the plaintiff's decedent, Dennis Satterthwaite, the defendant, Arthur N. Pappas, M.D., so carelessly, negligently, unskillfully, and/or in a grossly negligent manner cared for and treated the said Dennis Satterthwaite that he was caused to die on May 30, 2002.

9.   In or about May, 2002, the defendant, Catherine Sullivan, R.N.C., undertook to care for and treat the plaintiff's decedent, Dennis Satterthwaite, while he was a patient at the Westwood Lodge Hospital located at 45 Clapboardtree Street,

Westwood, Massachusetts and at various other times; in so doing, the defendant owed to the plaintiff's decedent the duty of using due care and skill. In violation of the duty of care and skill owed to the plaintiff's decedent, Dennis Satterthwaite, the defendant, Catherine Sullivan, R.N.C., so carelessly, negligently, unskillfully, and/or in a grossly negligent manner cared for and treated the said Dennis Satterthwaite that he was caused to die on May 30, 2002.

10.    In or about May, 2002, agents, servants and/or employees of the defendant, Universal Health Services, Inc., undertook to care for and treat the plaintiff's decedent, Dennis Satterthwaite, while he was a patient at the Westwood Lodge Hospital located at 45 Clapboardtree Street, Westwood, Massachusetts and at various other times; in so doing, the defendant's agents, servants and/or employees owed to the plaintiff's decedent the duty of using due care and skill. In violation of the duty of care and skill owed to the plaintiff's decedent, Dennis Satterthwaite, agents, servants and/or employees of the defendant, Universal Health Services, Inc., so carelessly, negligently, unskillfully, and/or in a grossly negligent manner cared for and treated the said Dennis Satterthwaite that he was caused to die on May 30, 2002.

11.    On or about May 29, 2002 and at various other dates, agents, servants and/or employees of the defendant, United States of America, undertook to care for and treat the plaintiff's decedent, Dennis Satterthwaite, while he was a patient at the Veterans Affairs Boston Outpatient Clinic, 251 Causeway Street, Boston, Massachusetts; in so doing, the defendant's agents, servants and/or employees owed to the plaintiff's decedent the duty of using due care and skill. In violation of the duty of care and skill owed to the plaintiff's decedent, Dennis Satterthwaite, agents, servants

and/or employees of the defendant, United States of America, so carelessly, negligently, unskillfully, and/or in a grossly negligent manner cared for and treated the said Dennis Satterthwaite that he was caused to die on May 30, 2002.

12. Prior to his death and while he was in a conscious condition, the said Dennis Satterthwaite suffered severe pain of body and anguish of mind and expenses

13. Dennis Satterthwaite left surviving him next of kin.

14. On April 27, 2004, the plaintiff made a written demand for relief in accordance with the provisions of 28 U.S.C. § 2401(b) and 38 C.F.R. §14.604(b) to the defendant, United States of America.

15. On December 16, 2004, the defendant, United States of America, denied plaintiff's claim in writing and failed to reach final arbitration, settlement, compromise and/or disposition of plaintiff's claims as required by 28 U.S.C. §§ 2401(b) and 2675(a) and 38 C.F.R. § 14.604(b).

## Causes of Action

(Each Cause of Action Specifically Incorporates by Reference
All of Those Paragraphs Previously Set Forth)

First Cause of Action

16. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Arthur N. Pappas, M.D., for negligence for damages suffered by Dennis Satterthwaite prior to his death, including, but not limited to, conscious pain and suffering, loss of earning capacity, and medical expenses.

Second Cause of Action

17. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the

Estate of Dennis Satterthwaite, against the defendant, Arthur N. Pappas, M.D., for negligence resulting in the death of Dennis Satterthwaite for the use and benefit of the next of kin of said decedent, in accordance with the provisions of Massachusetts General Laws, Chapter 229, as amended, and applicable at the times material herein.

<u>Third Cause of Action</u>

18.     This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Arthur N. Pappas, M.D., for punitive damages in causing the death of Dennis Satterthwaite by gross negligence in accordance with the provisions of Massachusetts General Laws, Chapter 229, as amended, and applicable at the times material herein.

<u>Fourth Cause of Action</u>

19.     This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Catherine Sullivan, R.N.C., for negligence for damages suffered by Dennis Satterthwaite prior to his death, including, but not limited to, conscious pain and suffering, loss of earning capacity, and medical expenses.

<u>Fifth Cause of Action</u>

20.     This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Catherine Sullivan, R.N.C, for negligence resulting in the death of Dennis Satterthwaite for the use and benefit of the next of kin of said decedent, in accordance with the provisions of Massachusetts General Laws, Chapter 229, as amended, and applicable at the times material herein.

### Sixth Cause of Action

21.    This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Catherine Sullivan, R.N.C, for punitive damages in causing the death of Dennis Satterthwaite by gross negligence in accordance with the provisions of Massachusetts General Laws, Chapter 229, as amended, and applicable at the times material herein.

### Seventh Cause of Action

22.    This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Universal Health Services, Inc., for negligence for damages suffered by Dennis Satterthwaite prior to his death, including, but not limited to, conscious pain and suffering, loss of earning capacity, and medical expenses.

### Eighth Cause of Action

23.    This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Universal Health Services, Inc., for negligence resulting in the death of Dennis Satterthwaite for the use and benefit of the next of kin of said decedent, in accordance with the provisions of Massachusetts General Laws, Chapter 229, as amended, and applicable at the times material herein.

### Ninth Cause of Action

24.    This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Universal Health Services, Inc., for punitive damages in causing the death of Dennis Satterthwaite by gross negligence in accordance with the provisions of Massachusetts General Laws, Chapter 229, as

amended, and applicable at the times material herein.

Tenth Cause of Action

25. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, United States of America, for negligence for damages suffered by Dennis Satterthwaite prior to his death, including, but not limited to, conscious pain and suffering, loss of earning capacity, and medical expenses, in accordance with the provisions of 28 U.S.C. § 1346(b).

Eleventh Cause of Action

26. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, United States of America, for negligence resulting in the death of Dennis Satterthwaite for the use and benefit of the next of kin of said decedent, in accordance with the provisions of 28 U.S.C. § 1346(b).

**Demands for Relief**

27. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, Arthur N. Pappas, M.D., together with interest and costs, as to the First and Second Causes of Action.

28. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, Arthur N. Pappas, M.D., for punitive damages in an amount not less than Five Thousand ($5,000) Dollars as to the Third Cause of Action.

29. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, Catherine Sullivan, R.N.C., together with interest and costs, as to the Fourth and Fifth Causes of Action.

30. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, Catherine Sullivan, R.N.C., for punitive damages in an amount not less than Five Thousand ($5,000) Dollars as to the Sixth Cause of Action.

31. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, Universal Health Services, Inc., together with interest and costs, as to the Seventh and Eighth Causes of Action.

32. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, Universal Health Services, Inc., for punitive damages in an amount not less than Five Thousand ($5,000) Dollars as to the Ninth Cause of Action.

33. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, United States of America, together with interest and costs, as to the Tenth and Eleventh Causes of Action.

### Jury Claim

The plaintiff demands a trial by jury.

By their Attorneys,

SUGARMAN AND SUGARMAN, P.C.

Jodi M. Petrucelli – BBO# 561911
David P. McCormack – BBO# 659006
One Beacon Street
Boston, MA  02108
(617) 542-1000
jpetrucelli@sugarman.com
dmccormack@sugarman.com

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Sheryl Satterthwaite as Executrix of the Estate of Dennis Satterthwaite

## DEFENDANTS

United States of America, Universal Health Services, Inc., Arthur N. Pappas, M.D. and Catherine Sullivan, R.N.C.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jodi M. Petrucelli
David P. McCormack
Sugarman and Sugarman, P.C.
One Beacon Street
Boston, MA 02108    (617) 542-1000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §1346(b). The defendants' agents, servants and/or employees and the defendant healthcare providers negligently rendered medical treatment to the plaintiff's decedent resulting in his death by suicide on May 30, 2002.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☒ 362 Personal Injury — Med Malpractice | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 365 Personal Injury — Product Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 630 Liquor Laws | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 640 R.R. & Truck | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 650 Airline Regs | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 660 Occupational Safety/Health | ☐ 720 Labor/Mgmt. Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 690 Other | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 371 Truth in Lending | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 380 Other Personal Property Damage | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 385 Property Damage Product Liability | ☐ 863 DIWC/DIWW (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 740 Railway Labor Act |
| ☐ 290 All Other Real Property | | Habeas Corpus: | **FEDERAL TAX SUITS** | ☐ 790 Other Labor Litigation |
| | | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 791 Empl. Ret. Inc. Security Act |
| | | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $
**$4,000,000.00**

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE 3/15/05    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>Sheryl Satterthwaite, as Executrix of the Est. of Dennis Satterthwaite v. United States of America, et al</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   <u>Not applicable</u>

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [X]

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]   NO [ ]

   A. If yes, in which division do <u>all</u> of the non-governmental parties reside?

      Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Jodi M. Petrucelli, Esq. BBO # 561911- Sugarman and Sugarman, P.C.</u>
ADDRESS <u>One Beacon Street</u>
TELEPHONE NO. <u>617-542-1000</u>

(CategoryForm.wpd - 2/15/05)