UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:05-cv-10606-REK

```
SHERYL SATTERTHWAITE, as Executrix     )
of the Estate of DENNIS SATTERTHWAITE, )
     Plaintiff                         )
                                       )
vs.                                    )
                                       )
UNITED STATES OF AMERICA,              )
UNIVERSAL HEALTH SERVICES, INC.,       )
ARTHUR PAPPAS, and,                    )
CATHERINE SULLIVAN, R.N.C.,            )
     Defendants                        )
```

**MOTION OF DEFENDANT CATHERINE SULLIVAN, R.N.C. FOR REFERRAL TO THE SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS FOR THE CONVENING OF A MEDICAL MALPRACTICE TRIBUNAL PURSUANT TO M.G.L. c. 231, §60B**

Now comes the Defendant, Catherine Sullivan, R.N.C., and moves for an order referring this action to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, for a Medical Malpractice Tribunal hearing pursuant to M.G.L. c. 231, §60B.

As grounds for this motion, the Defendant states the following:

1. The Plaintiff is alleging malpractice, error, or mistake by this Defendant, a provider of health care, in the medical care and services provided to the Plaintiff's decedent, Dennis Satterthwaite.

2. Pursuant to M.G.L. c. 231, §60B,

> [e]very action for malpractice, error or mistake against a provider of health care <u>shall be heard by a tribunal consisting of a single justice of the superior court</u>, a physician licensed to practice medicine in the commonwealth . . . and an attorney authorized to practice law in the commonwealth, at which hearing the plaintiff shall present an offer of proof and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result. (Emphasis added).

3. The medical malpractice tribunal is a screening mechanism created to discourage frivolous claims against health care providers. <u>Lambley v. Kameny</u>, 43 Mass. App. Ct. 277 (1997).

4. The Supreme Judicial Court has construed the language of M.G.L. c. 231, §60B, to mean that all "treatment-related" claims are meant to be referred to a Medical Malpractice Tribunal. <u>Little v. Rosenthal</u>, 376 Mass. 573, 576 (1978). The legislative history of §60B indicates that the Legislature rejected a restriction of the Tribunal's jurisdiction, choosing instead to favor the current broad language with no apparent limitations. <u>Id.</u>  <u>See</u> <u>also</u> <u>Austin v. Boston University Hospital</u>, 372 Mass. 654, 660 (1977). Referral to a Medical Malpractice Tribunal is a substantive right of the defendant in a medical malpractice action that is brought in the Federal Court. <u>Byrnes v. Kirby</u>, 453 F. Supp. 1014 (D.C. Mass. 1978), and the Federal Court is to apply the statute. <u>Feinstein v. Massachusetts General Hospital</u>, 643 F. 2d 880 (1st Cir. 1981). <u>See</u> <u>Wilson v. Atlanticare Medical Center</u>, 868 F. 2d 34,3 5 (1st Cir. 1989). <u>See</u>

2

also, Turner v. Sullivan, 937 F. Supp. 79 (D. Mass. 1996).

5. The Defendant, Catherine Sullivan, R.N.C., is a nurse and a provider of health care as defined within M.G.L. c. 231, §60B. The Plaintiff has made allegations of medical malpractice against her and she is entitled to a preliminary hearing before a Medical Malpractice Tribunal.

6. The Plaintiff should not be permitted to evade the requirements of M.G.L. c. 231, §60B and preclude the Defendant's right as a health care provider to a preliminary hearing as to whether the evidence proffered by the Plaintiff, if properly substantiated, would support a case of malpractice, error or mistake.

7. Failing to apply the requirements of M.G.L. c. 231, §60B in malpractice actions brought in the federal court would encourage forum shopping by plaintiffs wishing to avoid the screening procedure mandated in the Massachusetts courts. See Feinstein, 643 F. 2d at 886.

8. In addition, failing to apply the requirements of M.G.L. c. 231, §60B in malpractice actions brought in the federal court would result in inequitable administration of the law by compelling a defendant sued in federal court to forego the procedural protection and substantive right to recovery of costs afforded by M.G.L. c. 231, §60B solely because of the fortuity

that a federal court has subject matter jurisdiction.  See id.

9.   The Defendant seeks only to have the Plaintiff's claims against her referred to the Superior Court for purposes of M.G.L. c. 231, §60B.  The case may then be remanded back to the United States District Court for purposes of discovery and trial, if appropriate.

WHEREFORE, the Defendant, Catherine Sullivan, R.N.C., respectfully requests that this Honorable Court refer this matter to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for a Medical Malpractice Tribunal hearing pursuant to M.G.L. c. 231, §60B.

    /s/ Janet J. Bobit
JANET J. BOBIT, BBO# 550152
AMY J. DeLISA, BBO# 645004
Attorneys for Defendant,
 Catherine Sullivan, R.N.C.
HUNTER & BOBIT, P.C.
83 Atlantic Avenue
Boston, MA 02110
(617) 371-1440

DATED: _____