UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERYL SATTERTHWAITE AS EXECUTRIX OF THE ESTATE OF DENNIS SATTERTHWAITE,<br><br>                    Plaintiff<br><br>vs.<br><br>UNITED STATES OF AMERICA, UNIVERSAL HEALTH SERVICES, INC., ARTHUR N. PAPPAS, M.D. AND CATHERINE SULLIVAN, R.N.C.,<br><br>                    Defendants | No. 05-10606 REK |

**PLAINTIFF'S MOTION TO AMEND COMPLAINT TO SUBSTITUTE UHS OF WESTWOOD PEMBROKE, INC. AS A DEFENDANT IN PLACE OF UNIVERSAL HEALTH SERVICES, INC. AND TO CHANGE THE NAME OF PARTY DEFENDANT ARTHUR N. PAPPAS, M.D. TO ARTHUR N. PAPAS, M.D. IN ORDER TO CORRECT THE MISNAMING OF PARTIES**

Now comes the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, and hereby moves to amend the Original Complaint and file a First Amended Complaint (Exhibit 1), in order to substitute UHS of Westwood Pembroke, Inc. as a defendant in place of Universal Health Services, Inc. (UHS) and to change the name of party defendant Arthur N. Pappas, M.D. to Arthur N. Papas, M.D. in order to correct the misnaming of parties.

## Statement of Reasons

This medical malpractice action arises out of the death of the plaintiff's decedent, Dennis Satterthwaite on May 30, 2002. The plaintiff alleges, in part, that Mr. Satterthwaite received negligent medical treatment from employees, agents and/or servants of Westwood Lodge while he was a patient at the Westwood Lodge Hospital. The plaintiff originally filed suit naming UHS as a party defendant, upon information and belief that that UHS owned and/or operated Westwood Lodge.

Counsel for UHS has since indicated that Westwood Lodge was, in fact, owned and/or operated by UHS of Westwood Pembroke, Inc. at the time the decedent received treatment. Based upon this information, the plaintiff moves to file a First Amended Complaint to substitute UHS of Westwood Pembroke, Inc. as a defendant in place of UHS.

In addition, the plaintiff originally filed suit naming Arthur N. Pappas, M.D. as a party defendant. The plaintiff has since learned that the correct spelling of this party defendant's name is Arthur N. Papas, M.D. Based upon this information, the plaintiff moves to file a First Amended Complaint to change the name of party defendant Arthur N. Pappas, M.D. to Arthur N. Papas, M.D. in order to correct the misnaming of parties.

This motion is assented to by the defendants UHS and Catherine Sullivan, R.N.C.. The defendant, United States of America, has not yet answered the Complaint.

## Conclusion

WHEREFORE, based on the foregoing, the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, respectfully requests that her motion be

allowed and that she be permitted to file her First Amended Complaint attached as Exhibit 1.

          PLAINTIFF

          By Her Attorneys,

          SUGARMAN AND SUGARMAN, P.C.

          /s/David P. McCormack
          Jodi M. Petrucelli – BBO# 561911
          David P. McCormack – BBO# 659006
          One Beacon Street
          Boston, MA  02108
          (617) 542-1000
          jpetrucelli@sugarman.com
          dmccormack@sugarman.com

Dated:  July 12, 2005

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

SHERYL SATTERTHWAITE AS
EXECUTRIX OF THE ESTATE OF
DENNIS SATTERTHWAITE

                Plaintiff,

vs.

UNITED STATES OF AMERICA, UHS OF
WESTWOOD PEMBROKE, INC., ARTHUR
N. PAPAS, M.D. AND CATHERINE
SULLIVAN, R.N.C.

                Defendants.

No. 05-10606 REK

### FIRST AMENDED COMPLAINT

1. The plaintiff, Sheryl Satterthwaite, resides at 58 Highland Road, Town of Abington, County of Plymouth, Commonwealth of Massachusetts.

2. The plaintiff, Sheryl Satterthwaite, was the wife of the late Dennis Satterthwaite and is the duly appointed Executrix of the Estate of Dennis Satterthwaite, late of 69 Revere Road, City of Quincy, County of Norfolk, Commonwealth of Massachusetts.

3. The defendant, United States of America, is a governmental entity duly organized under law.

4. The defendant, UHS of Westwood Pembroke, Inc., is a Massachusetts corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business located at 354 Turnpike Street, Suite 303, Town of Canton, County of Norfolk, Commonwealth of Massachusetts.

5. The defendant, UHS of Westwood Pembroke, Inc., at all relevant times conducted business within the Commonwealth of Massachusetts and operated the

medical facility known as Westwood Lodge Hospital, 45 Clapboardtree Street, Town of Westwood, County of Norfolk, Commonwealth of Massachusetts.

6. The defendant, Arthur N. Papas, M.D., is a licensed, practicing physician having a usual place of business at 45 Clapboardtree Street, Town of Westwood, County of Norfolk, Commonwealth of Massachusetts.

7. The defendant, Catherine Sullivan, R.N.C., was at all material times a nurse licensed to practice in the Commonwealth of Massachusetts with a regular place of business at 45 Clapboardtree Street, Town of Westwood, County of Norfolk, Commonwealth of Massachusetts.

## **The Facts**

8. In or about May, 2002, the defendant, Arthur N. Papas, M.D., undertook to care for and treat the plaintiff's decedent, Dennis Satterthwaite, while he was a patient at the Westwood Lodge Hospital located at 45 Clapboardtree Street, Westwood, Massachusetts and at various other times; in so doing, the defendant owed to the plaintiff's decedent the duty of using due care and skill. In violation of the duty of care and skill owed to the plaintiff's decedent, Dennis Satterthwaite, the defendant, Arthur N. Papas, M.D., so carelessly, negligently, unskillfully, and/or in a grossly negligent manner cared for and treated the said Dennis Satterthwaite that he was caused to die on May 30, 2002.

9. In or about May, 2002, the defendant, Catherine Sullivan, R.N.C., undertook to care for and treat the plaintiff's decedent, Dennis Satterthwaite, while he was a patient at the Westwood Lodge Hospital located at 45 Clapboardtree Street, Westwood, Massachusetts and at various other times; in so doing, the defendant owed to the plaintiff's decedent the duty of using due care and skill. In violation of the duty of care and skill owed to the plaintiff's decedent, Dennis Satterthwaite, the defendant,

2

Catherine Sullivan, R.N.C., so carelessly, negligently, unskillfully, and/or in a grossly negligent manner cared for and treated the said Dennis Satterthwaite that he was caused to die on May 30, 2002.

10.    In or about May, 2002, agents, servants and/or employees of the defendant, UHS of Westwood Pembroke, Inc., undertook to care for and treat the plaintiff's decedent, Dennis Satterthwaite, while he was a patient at the Westwood Lodge Hospital located at 45 Clapboardtree Street, Westwood, Massachusetts and at various other times; in so doing, the defendant's agents, servants and/or employees owed to the plaintiff's decedent the duty of using due care and skill.  In violation of the duty of care and skill owed to the plaintiff's decedent, Dennis Satterthwaite, agents, servants and/or employees of the defendant, UHS of Westwood Pembroke, Inc., so carelessly, negligently, unskillfully, and/or in a grossly negligent manner cared for and treated the said Dennis Satterthwaite that he was caused to die on May 30, 2002.

11.    On or about May 29, 2002 and at various other dates, agents, servants and/or employees of the defendant, United States of America, undertook to care for and treat the plaintiff's decedent, Dennis Satterthwaite, while he was a patient at the Veterans Affairs Boston Outpatient Clinic, 251 Causeway Street, Boston, Massachusetts; in so doing, the defendant's agents, servants and/or employees owed to the plaintiff's decedent the duty of using due care and skill.  In violation of the duty of care and skill owed to the plaintiff's decedent, Dennis Satterthwaite, agents, servants and/or employees of the defendant, United States of America, so carelessly, negligently, unskillfully, and/or in a grossly negligent manner cared for and treated the said Dennis Satterthwaite that he was caused to die on May 30, 2002.

12.    Prior to his death and while he was in a conscious condition, the said Dennis Satterthwaite suffered severe pain of body and anguish of mind and expenses

3

13. Dennis Satterthwaite left surviving him next of kin.

14. On April 27, 2004, the plaintiff made a written demand for relief in accordance with the provisions of 28 U.S.C. § 2401(b) and 38 C.F.R. §14.604(b) to the defendant, United States of America.

15. On December 16, 2004, the defendant, United States of America, denied plaintiff's claim in writing and failed to reach final arbitration, settlement, compromise and/or disposition of plaintiff's claims as required by 28 U.S.C. §§ 2401(b) and 2675(a) and 38 C.F.R. § 14.604(b).

## Causes of Action

(Each Cause of Action Specifically Incorporates by Reference
All of Those Paragraphs Previously Set Forth)

### First Cause of Action

16. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Arthur N. Papas, M.D., for negligence for damages suffered by Dennis Satterthwaite prior to his death, including, but not limited to, conscious pain and suffering, loss of earning capacity, and medical expenses.

### Second Cause of Action

17. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Arthur N. Papas, M.D., for negligence resulting in the death of Dennis Satterthwaite for the use and benefit of the next of kin of said decedent, in accordance with the provisions of Massachusetts General Laws, Chapter 229, as amended, and applicable at the times material herein.

### Third Cause of Action

18. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Arthur N. Papas, M.D., for

punitive damages in causing the death of Dennis Satterthwaite by gross negligence in accordance with the provisions of Massachusetts General Laws, Chapter 229, as amended, and applicable at the times material herein.

Fourth Cause of Action

19. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Catherine Sullivan, R.N.C., for negligence for damages suffered by Dennis Satterthwaite prior to his death, including, but not limited to, conscious pain and suffering, loss of earning capacity, and medical expenses.

Fifth Cause of Action

20. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Catherine Sullivan, R.N.C, for negligence resulting in the death of Dennis Satterthwaite for the use and benefit of the next of kin of said decedent, in accordance with the provisions of Massachusetts General Laws, Chapter 229, as amended, and applicable at the times material herein.

Sixth Cause of Action

21. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, Catherine Sullivan, R.N.C, for punitive damages in causing the death of Dennis Satterthwaite by gross negligence in accordance with the provisions of Massachusetts General Laws, Chapter 229, as amended, and applicable at the times material herein.

Seventh Cause of Action

22. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, UHS of Westwood Pembroke, Inc., for negligence for damages suffered by Dennis Satterthwaite prior to his death,

including, but not limited to, conscious pain and suffering, loss of earning capacity, and medical expenses.

Eighth Cause of Action

23. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, UHS of Westwood Pembroke, Inc., for negligence resulting in the death of Dennis Satterthwaite for the use and benefit of the next of kin of said decedent, in accordance with the provisions of Massachusetts General Laws, Chapter 229, as amended, and applicable at the times material herein.

Ninth Cause of Action

24. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, UHS of Westwood Pembroke, Inc., for punitive damages in causing the death of Dennis Satterthwaite by gross negligence in accordance with the provisions of Massachusetts General Laws, Chapter 229, as amended, and applicable at the times material herein.

Tenth Cause of Action

25. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, United States of America, for negligence for damages suffered by Dennis Satterthwaite prior to his death, including, but not limited to, conscious pain and suffering, loss of earning capacity, and medical expenses, in accordance with the provisions of 28 U.S.C. § 1346(b).

Eleventh Cause of Action

26. This is an action by the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, against the defendant, United States of America, for negligence resulting in the death of Dennis Satterthwaite for the use and benefit of the next of kin of said decedent, in accordance with the provisions of 28 U.S.C. § 1346(b).

## Demands for Relief

27. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, Arthur N. Papas, M.D., together with interest and costs, as to the First and Second Causes of Action.

28. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, Arthur N. Papas, M.D., for punitive damages in an amount not less than Five Thousand ($5,000) Dollars as to the Third Cause of Action.

29. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, Catherine Sullivan, R.N.C., together with interest and costs, as to the Fourth and Fifth Causes of Action.

30. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, Catherine Sullivan, R.N.C., for punitive damages in an amount not less than Five Thousand ($5,000) Dollars as to the Sixth Cause of Action.

31. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, UHS of Westwood Pembroke, Inc., together with interest and costs, as to the Seventh and Eighth Causes of Action.

32. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, UHS of Westwood Pembroke, Inc., for punitive damages in an amount not less than Five Thousand ($5,000) Dollars as to the Ninth Cause of Action.

33. The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, demands judgment against the defendant, United States of America, together with interest and costs, as to the Tenth and Eleventh Causes of Action.

## Jury Claim

34. The plaintiff demands a trial by jury.

                        PLAINTIFF

                        By Her Attorneys,

                        SUGARMAN AND SUGARMAN, P.C.

                        /s/David P. McCormack
                        Jodi M. Petrucelli – BBO# 561911
                        David P. McCormack – BBO# 659006
                        One Beacon Street
                        Boston, MA 02108
                        (617) 542-1000
                        jpetrucelli@sugarman.com
                        dmccormack@sugarman.com