UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
SHERYL SATTERTHWAITE, as Executrix )
of the Estate of DENNIS SATTERTHWAITE, )
      Plaintiff                               )
                                              )
      v.                                      )
                                              )      CIVIL ACTION
UNITED STATES OF AMERICA,                     )      NO. 05-10606-REK
UHS OF WESTWOOD PEMBROKE, INC.,               )
ARTHUR N. PAPAS, M.D. and                     )
CATHERINE SULLIVAN, R.N.C.,                   )
      Defendants                              )
_____ )

**Memorandum and Order**
September 20, 2005

**I. Pending Matters**

Pending for decision are matters related to the following filings:

(1) Motion of the Defendant, Arthur N. Papas, M.D., to Transfer the Claims Against Him to Massachusetts Superior Court For the Purpose of Convening a Medical Malpractice Tribunal (Docket No. 11, filed May 26, 2005);

(2) Motion of Defendant Catherine Sullivan, R.N.C. For Referral to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts For the Convening of a Medical Malpractice Tribunal Pursuant to M.G.L. c. 231, §60B (Docket No. 14, filed June 24, 2005); and

(3) Plaintiff's Motion to Amend Complaint to Substitute UHS of Westwood Pembroke, Inc. as a Defendant in Place of Universal Health Services, Inc. and to Change the Name of Party Defendant Arthur N. Pappas, M.D. to Arthur N. Papas, M.D. in Order to Correct

the Misnaming of Parties (Docket No. 16, filed July 12, 2005).

**II. Motion to Transfer For the Purpose of Convening a Medical Malpractice Tribunal**

The Motion of the Defendant, Arthur N. Papas, M.D., to Transfer the Claims Against Him to Massachusetts Superior Court For the Purpose of Convening a Medical Malpractice Tribunal (Docket No. 11) requests an order transferring the claims against him to Massachusetts Superior Court for the purpose of convening a medical malpractice tribunal with a psychiatric specialist.  On June 6, 2005, plaintiff Cheryl Satterthwaite filed her Partial Opposition of the Plaintiff to the Motion of the Defendant, Arthur N. Papas, M.D., to Transfer the Claims Against Him to Massachusetts Superior Court For the Purpose of Convening a Medical Malpractice Tribunal (Docket No. 12).  In this partial opposition, plaintiff did not oppose referral of the claims to Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal, but plaintiff did oppose a complete transfer of the claims.

Defendant Dr. Papas refers in his motion to Mass. Gen. Laws c. 231, §60B.  This section provides that "[e]very action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwelath...and an attorney authorized to practice law in the commonwealth."  Mass. Gen. Laws c. 231, §60B.  I will interpret Dr. Papas' reference to this section as meaning that his motion is in fact a request for a referral to the Massachusetts Superior Court for the convening of a medical malpractice tribunal rather than a request for a complete transfer.

The claim asserted against this defendant is an action for malpractice, error, or mistake against a provider of health care within the meaning of that phrase in Mass. Gen. Laws c. 231, §60B.  The First Circuit held in Feinstein v. Massachusetts General Hospital, 643 F.2d 880 (1st Cir. 1981), that this law applies to federal courts sitting in diversity as well as state courts, and the court's logic in that case extends to suggest that this law should be applied to all malpractice cases in federal court.  See id. at 887 (concluding that "refusing to apply the Massachusetts medical malpractice statute in the federal courts would undercut Massachusetts' efforts to remedy the insurance crisis that prompted passage of the statute, a result that is inconsistent with the principles of federalism underlying the Rules of Decision Act and the Erie decision").  I will thus grant defendant Arthur N. Papas, M.D.'s motion to the extent that he requests that plaintiff's claim against him be referred to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for hearing by a medical malpractice tribunal.  I will deny defendant Arthur N. Papas, M.D.'s motion to the extent that he requests a complete transfer of plaintiff's claims against him.

Dr. Papas further requests that the medical member of the tribunal have a specialty in psychiatry.  Section 60B of Chapter 231 of Massachusetts General Laws provides, "Where the action of malpractice is brought against a provider of health care not a physician, the physician's position on the tribunal shall be replaced by a representative of that field of medicine in which the alleged tort or breach of contract occurred, as selected by the superior court justice in a manner he determines fair and equitable."  Mass. Gen. Laws c. 231 § 60B.  In his answer, Dr. Papas admitted that he is a physician licensed to practice medicine in the Commonwealth of Massachusetts.  (Answer of the Defendant, Arthur N. Papas, M.D., to the Plaintiff's Complaint,

and Demand for Trial by Jury, Docket No. 10, filed May 26, 2005.) Unless Dr. Papas is in fact a psychiatrist, then his request that the physician on the medical malpractice tribunal be replaced with a specialist in psychiatry is not proper under Section 60B. This request, however, is within the purview of the superior court justice on the tribunal. I will thus deny Dr. Papas' motion to the extent that it requests me to determine whether the medical member of the tribunal may have a specialty in psychiatry.

Counsel for the defendant Arthur N. Papas, M.D., must deliver to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts certified copies of the complaint, answer, and this Order issued by this court.

### III. Motion For Referral to Medical Malpractice Tribunal

The Motion of Defendant Catherine Sullivan, R.N.C. For Referral to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts For the Convening of a Medical Malpractice Tribunal Pursuant to M.G.L. c. 231, §60B (Docket No. 14) requests an order referring the plaintiff's claims to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the purposes of convening a medical malpractice tribunal. Plaintiff has not filed a timely response to this motion.

The claim asserted against this defendant is an action for malpractice, error, or mistake against a provider of health care within the meaning of that phrase in Mass. Gen. Laws c. 231, §60B. Pursuant to §60B, "[e]very action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwelath...and an attorney authorized to

practice law in the commonwealth." Mass. Gen. Laws c. 231, §60B. Based on the analysis in Part II of this Memorandum and Order, I will thus grant defendant Catherine Sullivan, R.N.C.'s motion and order that plaintiff's claim against her be referred to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for hearing by a medical malpractice tribunal.

Counsel for the defendant Catherine Sullivan, R.N.C., must deliver to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts certified copies of the complaint, answer, and this Order issued by this court.

### IV. Motion to Amend Complaint

Plaintiff's Motion to Amend Complaint (Docket No. 16) seeks to substitute UHS of Westwood Pembroke, Inc., as a defendant in place of Universal Health Services, Inc. (UHS) and to change the name of party defendant Arthur N. Pappas, M.D. to Arthur N. Papas, M.D. in order to correct the misnaming of the parties. Defendants UHS and Catherine Sullivan, R.N.C. have assented to the motion. Defendant United States of America has not filed a timely response to this motion.

Rule 15 of the Federal Rules of Civil Procedure states that, after a first amendment as a matter of course, a party may amend its pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "[L]eave shall be freely given when justice so requires." Id. In the instant case, plaintiff requests leave to change one of the defendants because she has learned that the medical facility in question was owned and/or operated by UHS of Westwood Pembroke, Inc., rather than UHS, and plaintiff requests leave to change the spelling of

one of the defendants' names that was previously misspelled.  Both of these rationales are sufficient to permit an amendment to plaintiff's complaint, and I hereby give leave for plaintiff to file the amended complaint attached to the motion.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) The Motion of the Defendant, Arthur N. Papas, M.D., to Transfer the Claims Against Him to Massachusetts Superior Court For the Purpose of Convening a Medical Malpractice Tribunal (Docket No. 11) is ALLOWED in part and DENIED in part, as described in Part II of this Memorandum and Order.  A separate Order will be issued forthwith, as follows:

> (1) The claim in this case against defendant Arthur N. Papas, M.D., is an action for malpractice, error or mistake against a provider of health care within the meaning of that phrase in Mass. Gen. Laws c. 231, §60B.  This claim is hereby referred to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for hearing by a medical malpractice tribunal appointed by the Superior Court.
> (2) Counsel for the defendant Arthur N. Papas, M.D., must deliver to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts certified copies of the complaint, answer, and this Order issued by this court.

(2) The Motion of Defendant Catherine Sullivan, R.N.C. For Referral to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts For the Convening of a Medical Malpractice Tribunal Pursuant to M.G.L. c. 231, §60B (Docket No. 14) is ALLOWED.  A separate Order will be issued forthwith, as follows:

> (1) The claim in this case against defendant Catherine Sullivan, R.N.C., is an action for malpractice, error or mistake against a provider of health care within the meaning of that phrase

in Mass. Gen. Laws c. 231, §60B.  This claim is hereby referred to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for hearing by a medical malpractice tribunal appointed by the Superior Court.

(2) Counsel for the defendant Catherine Sullivan, R.N.C., must deliver to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts certified copies of the complaint, answer, and this Order issued by this court.

(3) Plaintiff's Motion to Amend Complaint to Substitute UHS of Westwood Pembroke, Inc. as a Defendant in Place of Universal Health Services, Inc. and to Change the Name of Party Defendant Arthur N. Pappas, M.D. to Arthur N. Papas, M.D. in Order to Correct the Misnaming of Parties (Docket No. 16) is ALLOWED.  The Clerk is ordered to correct the court docket to reflect these changes.

           /s/Robert E. Keeton

           Robert E. Keeton
           Senior United States District Judge