UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:05-cv-10606-REK

SHERYL SATTERTHWAITE, as Executrix )
of the Estate of DENNIS SATTERTHWAITE, )
    Plaintiff )
)
vs. )
)
UNITED STATES OF AMERICA, )
UHS OF WESTWOOD PEMBROKE, INC., )
ARTHUR PAPAS, and, )
CATHERINE SULLIVAN, )
    Defendants )

**ANSWER OF DEFENDANT, CATHERINE SULLIVAN, R.N.C., TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

The Defendant, Catherine Sullivan, R.N.C., answers each of the serially numbered causes of action and paragraphs of the Plaintiff's First Amended Complaint as follows:

1.   The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's First Amended Complaint, and calls upon the Plaintiff to prove the same.

2.   The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of the Plaintiff's First Amended Complaint, and calls upon the Plaintiff to prove the same.

1

3.   No answer is required as to the allegations contained in Paragraph 3 of the Plaintiff's First Amended Complaint, as they are directed to another party.

4.   No answer is required as to the allegations contained in Paragraph 4 of the Plaintiff's First Amended Complaint, as they are directed to another party.

5.   No answer is required as to the allegations contained in Paragraph 5 of the Plaintiff's First Amended Complaint, as they are directed to another party.

6.   No answer is required as to the allegations contained in Paragraph 6 of the Plaintiff's First Amended Complaint, as they are directed to another party.

7.   The Defendant denies the allegations contained in Paragraph 7 of the Plaintiff's First Amended Complaint in the form alleged except admits that at all times relevant she was a nurse licensed to practice in the Commonwealth of Massachusetts and that her business address was 45 Clapboard Street, Westwood, Massachusetts.

## The Facts

8.   No answer is required as to the allegations contained in Paragraph 8 of the Plaintiff's First Amended Complaint, as

they are directed to another party.  However, insofar as these allegations may imply any wrongdoing as to this Defendant, they are expressly denied.

9.   The Defendant denies the allegations contained in the first sentence of Paragraph 9 of the Plaintiff's First Amended Complaint in the form alleged except admits that she provided care and treatment to the Plaintiff's decedent in May 2002 during his admission at Westwood Lodge and that she owed a duty to comply with the standard of care of the average qualified nurse at the time and under the circumstances.  The Defendant denies the allegations contained in the second sentence of Paragraph 9 of the Plaintiff's First Amended Complaint.

10.  No answer is required as to the allegations contained in Paragraph 10 of the Plaintiff's First Amended Complaint, as they are directed to another party.  However, insofar as these allegations may imply any wrongdoing as to this Defendant, they are expressly denied.

11.  No answer is required as to the allegations contained in Paragraph 11 of the Plaintiff's First Amended Complaint, as they are directed to another party.

12.  Denied.

13. The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of the Plaintiff's First Amended Complaint, and calls upon the Plaintiff to prove the same.

14. The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of the Plaintiff's First Amended Complaint, and calls upon the Plaintiff to prove the same.

15. The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of the Plaintiff's First Amended Complaint, and calls upon the Plaintiff to prove the same.

### Causes of Action

### First Cause of Action

The Defendant, Catherine Sullivan, R.N.C., repeats and reaffirms her answers to Paragraphs 1 through 15 of the Plaintiff's First Amended Complaint as if fully set forth herein.

16. No answer is required to the allegations contained in Paragraph 16 of the Plaintiff's First Amended Complaint, as they are directed to another party. However, insofar as these

allegations may imply any wrongdoing as to this Defendant, they are expressly denied.

### Second Cause of Action

The Defendant, Catherine Sullivan, R.N.C., repeats and reaffirms her answers to Paragraphs 1 through 15 of the Plaintiff's First Amended Complaint as if fully set forth herein.

17.  No answer is required to the allegations contained in Paragraph 17 of the Plaintiff's First Amended Complaint, as they are directed to another party.  However, insofar as these allegations may imply any wrongdoing as to this Defendant, they are expressly denied.

### Third Cause of Action

The Defendant, Catherine Sullivan, R.N.C., repeats and reaffirms her answers to Paragraphs 1 through 15 of the Plaintiff's First Amended Complaint as if fully set forth herein.

18.  No answer is required to the allegations contained in Paragraph 18 of the Plaintiff's First Amended Complaint, as they are directed to another party.  However, insofar as these allegations may imply any wrongdoing as to this Defendant, they are expressly denied.

### Fourth Cause of Action

The Defendant, Catherine Sullivan, R.N.C., repeats and reaffirms her answers to Paragraphs 1 through 15 of the Plaintiff's First Amended Complaint as if fully set forth herein.

19.  No answer is required to Paragraph 19 of the Plaintiff's First Amended Complaint, as it contains an overview of the Plaintiff's allegations, which the Defendant calls upon the Plaintiff to prove.  However, insofar as this Paragraph may contain any allegations of wrongdoing on the part of this Defendant, they are expressly denied.

### Fifth Cause of Action

The Defendant, Catherine Sullivan, R.N.C., repeats and reaffirms her answers to Paragraphs 1 through 15 of the Plaintiff's First Amended Complaint as if fully set forth herein.

20.  No answer is required to Paragraph 20 of the Plaintiff's First Amended Complaint, as it contains an overview of the Plaintiff's allegations, which the Defendant calls upon the Plaintiff to prove.  However, insofar as this Paragraph may contain any allegations of wrongdoing on the part of this Defendant, they are expressly denied.

**Sixth Cause of Action**

The Defendant, Catherine Sullivan, R.N.C., repeats and reaffirms her answers to Paragraphs 1 through 15 of the Plaintiff's First Amended Complaint as if fully set forth herein.

21.  No answer is required to Paragraph 21 of the Plaintiff's First Amended Complaint, as it contains an overview of the Plaintiff's allegations, which the Defendant calls upon the Plaintiff to prove.  However, insofar as this Paragraph may contain any allegations of wrongdoing on the part of this Defendant, they are expressly denied.

**Seventh Cause of Action**

The Defendant, Catherine Sullivan, R.N.C., repeats and reaffirms her answers to Paragraphs 1 through 15 of the Plaintiff's First Amended Complaint as if fully set forth herein.

22.  No answer is required to the allegations contained in Paragraph 22 of the Plaintiff's First Amended Complaint, as they are directed to another party.  However, insofar as these allegations may imply any wrongdoing as to this Defendant, they are expressly denied.

### Eighth Cause of Action

The Defendant, Catherine Sullivan, R.N.C., repeats and reaffirms her answers to Paragraphs 1 through 15 of the Plaintiff's First Amended Complaint as if fully set forth herein.

23. No answer is required to the allegations contained in Paragraph 23 of the Plaintiff's First Amended Complaint, as they are directed to another party. However, insofar as these allegations may imply any wrongdoing as to this Defendant, they are expressly denied.

### Ninth Cause of Action

The Defendant, Catherine Sullivan, R.N.C., repeats and reaffirms her answers to Paragraphs 1 through 15 of the Plaintiff's First Amended Complaint as if fully set forth herein.

24. No answer is required to the allegations contained in Paragraph 24 of the Plaintiff's First Amended Complaint, as they are directed to another party. However, insofar as these allegations may imply any wrongdoing as to this Defendant, they are expressly denied.

### Tenth Cause of Action

The Defendant, Catherine Sullivan, R.N.C., repeats and reaffirms her answers to Paragraphs 1 through 15 of the Plaintiff's First Amended Complaint as if fully set forth herein.

25. No answer is required to the allegations contained in Paragraph 25 of the Plaintiff's First Amended Complaint, as they are directed to another party. However, insofar as these allegations may imply any wrongdoing as to this Defendant, they are expressly denied.

### Eleventh Cause of Action

The Defendant, Catherine Sullivan, R.N.C., repeats and reaffirms her answers to Paragraphs 1 through 15 of the Plaintiff's First Amended Complaint as if fully set forth herein.

26. No answer is required to the allegations contained in Paragraph 26 of the Plaintiff's First Amended Complaint, as they are directed to another party. However, insofar as these allegations may imply any wrongdoing as to this Defendant, they are expressly denied.

### Demands for Relief

27. No answer is required to the allegations contained in Paragraph 27 of the Plaintiff's First Amended Complaint, as they are directed to another party.

28. No answer is required to the allegations contained in Paragraph 28 of the Plaintiff's First Amended Complaint, as they are directed to another party.

29. No answer is required to Paragraph 29 of the Plaintiff's First Amended Complaint, as it contains a demand for judgment.

30. No answer is required to Paragraph 30 of the Plaintiff's First Amended Complaint, as it contains a demand for judgment.

31. No answer is required to the allegations contained in Paragraph 31 of the Plaintiff's First Amended Complaint, as they are directed to another party.

32. No answer is required to the allegations contained in Paragraph 32 of the Plaintiff's First Amended Complaint, as they are directed to another party.

33. No answer is required to the allegations contained in Paragraph 33 of the Plaintiff's First Amended Complaint, as they are directed to another party.

### Jury Claim

34.  No answer is required as to the allegations contained in Paragraph 34 of the Plaintiff's First Amended Complaint, as they are directed to another party.

### First Affirmative Defense

The Plaintiff's decedent's injuries and damages, if any, were caused in whole or in part by the Plaintiff's decedent's own negligence, which exceeded that of the Defendant, any of which is expressly denied.  Wherefore, the Plaintiff may not recover, or in the alternative, the Plaintiff's decedent's negligence requires a proportionate reduction in the Plaintiff's recovery, if any.

### Second Affirmative Defense

The injuries and damages alleged by the Plaintiff were caused by a third party for whose conduct this Defendant is not legally responsible.

### Third Affirmative Defense

Any alleged act or omission of this Defendant was not the proximate cause of the Plaintiff's decedent's injuries and damages, if any.

### Fourth Affirmative Defense

The Defendant, Catherine Sullivan, R.N.C., has not knowingly or intentionally waived any applicable affirmative defenses. Defendant, Catherine Sullivan, R.N.C., reserves her right to assert and to rely upon other defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by other Defendants in this case, and to amend her answer and/or affirmative defenses accordingly.

### Fifth Affirmative Defense

The Defendant, Catherine Sullivan, R.N.C., requests that a Medical Malpractice Tribunal be held pursuant to M.G.L. c. 231, §60B, to review the sufficiency of Plaintiff's claims.

### Demand for Jury Trial

The Defendant, Catherine Sullivan, R.N.C., demands trial by jury as to all issues.

        /s/ Janet J. Bobit
JANET J. BOBIT, BBO# 550152
AMY J. DeLISA, BBO# 645004
Attorneys for Defendant,
 Catherine Sullivan, R.N.C.
HUNTER & BOBIT, P.C.
83 Atlantic Avenue
Boston, MA 02110
(617) 371-1440

DATED:   10/5/05