UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERYL SATTERTHWAITE as Executrix of the Estate of DENNIS SATTERTHWAITE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, UHS OF WESTWOOD/PEMBROKE, INC., ARTHUR N. PAPAS, M.D., and CATHERINE SULLIVAN, R.N.C., <br><br> Defendants. | C.A. No.: 05-10606REK |

**ANSWER OF THE DEFENDANT, ARTHUR N. PAPAS, M.D.,
TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT,
AND DEMAND FOR TRIAL BY JURY**

Now comes the defendant, Arthur N. Papas, M.D., and hereby answers the plaintiff's First Amended Complaint, paragraph by paragraph, as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

6. The defendant admits that he is a physician licensed to practice medicine in the Commonwealth of Massachusetts.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

## THE FACTS

8. The defendant denies the allegations contained within this paragraph.

9. Paragraph 9 does not apply to said defendant and so requires no response by him. To the extent that any allegations contained in Paragraph 9 may be construed as applying to said defendant, all such allegations are denied.

10. Paragraph 10 does not apply to said defendant and so requires no response by him. To the extent that any allegations contained in Paragraph 10 may be construed as applying to said defendant, all such allegations are denied.

11. Paragraph 11 does not apply to said defendant and so requires no response by him. To the extent that any allegations contained in Paragraph 11 may be construed as applying to said defendant, all such allegations are denied.

12. The defendant denies the allegations contained within this paragraph.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

## CAUSES OF ACTION

<u>First Cause of Action</u>

16.     The defendant denies the allegations contained in this paragraph.

<u>Second Cause of Action</u>

17.     The defendant denies the allegations contained in this paragraph.

<u>Third Cause of Action</u>

18.     The defendant denies the allegations contained in this paragraph.

<u>Fourth Cause of Action</u>

19.     This cause of action does not apply to said defendant so requires no response by him.  To the extent that any allegations contained in said cause of action may be construed as applying to said defendant, all such allegations are denied.

<u>Fifth Cause of Action</u>

20.     This cause of action does not apply to said defendant so requires no response by him.  To the extent that any allegations contained in said cause of action may be construed as applying to said defendant, all such allegations are denied.

<u>Sixth Cause of Action</u>

21.     This cause of action does not apply to said defendant so requires no response by him.  To the extent that any allegations contained in said cause of action may be construed as applying to said defendant, all such allegations are denied.

<u>Seventh Cause of Action</u>

22.     This cause of action does not apply to said defendant so requires no response by him.  To the extent that any allegations contained in said cause of action may be construed as applying to said defendant, all such allegations are denied.

Eighth Cause of Action

23. This cause of action does not apply to said defendant so requires no response by him. To the extent that any allegations contained in said cause of action may be construed as applying to said defendant, all such allegations are denied.

Ninth Cause of Action

24. This cause of action does not apply to said defendant so requires no response by him. To the extent that any allegations contained in said cause of action may be construed as applying to said defendant, all such allegations are denied.

Tenth Cause of Action

25. This cause of action does not apply to said defendant so requires no response by him. To the extent that any allegations contained in said cause of action may be construed as applying to said defendant, all such allegations are denied.

Eleventh Cause of Action

26. This cause of action does not apply to said defendant so requires no response by him. To the extent that any allegations contained in said cause of action may be construed as applying to said defendant, all such allegations are denied.

**DEMANDS FOR RELIEF**

27. The defendant denies the allegations contained within this paragraph.

28. The defendant denies the allegations contained within this paragraph.

29. The said demand for relief does not apply to said defendant so requires no response by him. To the extent that any allegations contained with said demand for relief may be construed as applying to said defendant, all such allegations are denied.

30. The said demand for relief does not apply to said defendant so requires no response by him. To the extent that any allegations contained with said demand for relief may be construed as applying to said defendant, all such allegations are denied.

31. The said demand for relief does not apply to said defendant so requires no response by him. To the extent that any allegations contained with said demand for relief may be construed as applying to said defendant, all such allegations are denied.

32. The said demand for relief does not apply to said defendant so requires no response by him. To the extent that any allegations contained with said demand for relief may be construed as applying to said defendant, all such allegations are denied.

33. The said demand for relief does not apply to said defendant so requires no response by him. To the extent that any allegations contained with said demand for relief may be construed as applying to said defendant, all such allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant further says that the plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted, and, therefore, the plaintiff's First Amended Complaint must be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The defendant further says that the plaintiff's claims are barred by the applicable statute of limitations and, therefore, the plaintiff may not recover.

### THIRD AFFIRMATIVE DEFENSE

The defendant further says that if the plaintiff sustained damages as alleged in the First Amended Complaint, then the said damages were the result of the conduct of

another for whose conduct this defendant is not legally responsible and, therefore, the plaintiff may not recover.

### FOURTH AFFIRMATIVE DEFENSE

The defendant further says that if the plaintiff sustained damages as alleged in the First Amended Complaint, then all such damages were the result of the comparative negligence of the plaintiff's decedent, which comparative negligence was greater than any negligence on the part of the defendant and, therefore, the plaintiff may not recover.

### FIFTH AFFIRMATIVE DEFENSE

The defendant further says that if the plaintiff sustained damages as alleged in the First Amended Complaint, then all such damages were the result of the comparative negligence of the plaintiff's decedent and, therefore, the Plaintiff's recovery, if any, must be diminished in accordance with the percentage of the plaintiff's decedent's comparative negligence all in accordance with G.L. c. 231, §85.

### SIXTH AFFIRMATIVE DEFENSE

The defendant further says that the plaintiff's claims are subject to review by a Medical Malpractice Tribunal pursuant to the provisions of G.L. c. 231, § 60B, and, until such time as the said statute is complied with, the plaintiff may not recover in this action.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant further says that if the plaintiff was damaged as alleged in the First Amended Complaint, then the Plaintiff may not recover for any damages which are subject to reimbursement from collateral sources pursuant to G.L. c. 231, §60G.

-6-

### EIGHTH AFFIRMATIVE DEFENSE

The defendant further says that if the plaintiff's decedent underwent the medical procedures as alleged in this First Amended Complaint, then he did so after he was fully informed and made aware of any known risks or uncertainties involved in said procedures, and that after being so informed, he exercised his informed consent to the performance of the said procedures.

WHEREFORE, the defendant, Arthur N. Papas, M.D., demands that judgment be entered dismissing the plaintiff's First Amended Complaint with prejudice and that he recover all costs as allowed by law.

**THE DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON COMPLETION OF DISCOVERY.**

**THE DEFENDANT, ARTHUR N. PAPAS, M.D., DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES.**

The Defendant,
Arthur N. Papas, M.D.,
By his Attorney,

*/s/ Stacey G. Morris*
James P. Donohue, Jr. BBO #555946
Stacey E. Morris, BBO #648386
SLOANE AND WALSH, LLP
Three Center Plaza
Boston, MA  02108
(617) 523-6010

Date: December 14, 2005

## CERTIFICATE OF SERVICE

I, Stacey E. Morris, counsel for the defendant, Arthur N. Papas, M.D., do hereby certify that on this 14th day of December, 2005, I caused to be served a true copy of the foregoing document(s) upon the parties by mailing same, postage prepaid, first class mail, to their counsel of record:

Jodi M. Pertucelli, Esq.
David P. McCormack, Esq.
Sugarman & Sugarman, P.C.
One Beacon Street
Boston, MA 02108
617-542-1000

Gina Y. Walcott-Torres, Esq.
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3369

Janet J. Bobit, Esq.
Amy J. DeLisa, Esq.
Hunter & Bobit, P.C.
83 Atlantic Avenue
Boston, MA 02110

_____
STACEY E. MORRIS

S:\SATTERTHWAITE V. PAPPAS, MD. - PR745-9396\Pleadings\Discovery\Ans. to Amended Complaint.doc