UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:05-cv-10606-WGY

SHERYL SATTERTHWAITE, as Executrix        )
of the Estate of DENNIS SATTERTHWAITE,     )
    Plaintiff                                              )
                                                      )
vs.                                                              )
                                                     )
UNITED STATES OF AMERICA,                     )
UHS OF WESTWOOD PEMBROKE, INC.,        )
ARTHUR PAPAS, and,                                 )
CATHERINE SULLIVAN, R.N.C.,                 )
    Defendants                                            )


DEFENDANTS CATHERINE SULLIVAN, R.N.C., AND UHS OF WESTWOOD
PEMBROKE, INC.'S MOTION TO OBTAIN COURT ORDERS TO OBTAIN RECORDS
FROM THE INTERNAL REVENUE SERVICE AND THE
UNITED STATES POSTAL SERVICE

       The Defendants, Catherine Sullivan, R.N.C. and UHS of Westwood Pembroke, Inc.,

respectfully request that this Honorable Court Order the Internal Revenue Service and the United

States Postal Service to produce copies of specific documents regarding the Plaintiff's decedent,

Dennis Satterthwaite, to their attorneys.  Proposed Orders are attached to this Motion for the

Court's convenience.  In support of this Motion, the Defendants state the following:


       1.      This is a wrongful death case in which the Plaintiff, Sheryl Satterthwaite, as

Executrix of the Estate of Dennis Satterthwaite, claims that the Defendants provided negligent

care and treatment to her husband, Dennis Satterthwaite, with respect to his depression, and that

their negligence caused Mr. Satterthwaite to commit suicide on May 30, 2002.

2

2.      In their initial Request for Production to the Plaintiff, Ms. Sullivan and UHS of

Westwood Pembroke, Inc., requested, *inter alia*, copies of Mr. Satterthwaite's income tax

returns, copies of any counseling and treatment records, and copies of any employment records

within three years of his death.  See Request for Production of Documents, attached as Exhibit

A.  The Plaintiff provided tax returns from 1998 and 1999, and stated that she was searching for

additional documents.  The Plaintiff did not provide any treatment records from the Employee

Assistance Program through the United States Postal Service.  She objected to producing any of

Mr. Satterthwaite's employment records, but also stated that she had no such documents in her

possession, custody or control.  See Plaintiff's Response to Request for Production, attached as

Exhibit B.

3.      After consultation with the U.S. Attorney's office, Defendants Catherine Sullivan

and UHS of Westwood Pembroke served a Request for Production on the United States of

America, seeking copies of Mr. Satterthwaite's income tax returns, as well as copies of his

personnel file from the Postal Service, copies of any records regarding his interactions with the

Employee Assistance Program, and copies of his attendance records at the Postal Service.

4.      After learning from the U.S. Attorney that his office would be unable to provide

the requested information regarding Mr. Satterthwaite without a court order or release from the

Plaintiff, counsel for Ms. Sullivan and UHS of Westwood Pembroke, Inc., called the Plaintiff's

attorney to determine if the Plaintiff would provide executed releases, allowing the Defendants

to obtain these records directly.  The Plaintiff's attorney refused to provide these releases, stating

that these requested records were not relevant.  See Affidavit of Amy J. DeLisa, attached as

Exhibit C.

3

5.     The Defendants request that this Court issue an Order requiring the IRS to provide documents regarding the Plaintiff's decedent.  Specifically, the Defendants are seeking copies of any tax records reflecting that Mr. Satterthwaite owed any funds to the Internal Revenue Service. There is evidence that Mr. Satterthwaite was experiencing tax problems prior to his death.  These requested records are clearly relevant, as they go to Mr. Satterthwaite's state of mind at the time of his suicide.

6.     Additionally, the Defendants request that this Court issue an Order requiring the United States Postal Service to provide documents regarding the following:  (1) Mr. Satterthwaite's work attendance records from January 1, 2002 until the date of his death; (2) any documents regarding any discipline, warnings, or that reflect any problems with Mr. Satterthwaite's job performance from January 1, 2002 until the date of his death; and, (3) any records regarding Mr. Satterthwaite's visits to the Employee Assistance Program.  Contrary to the Plaintiff's arguments, these records are clearly relevant to Plaintiff's claims.  Mr. Satterthwaite's attendance records will likely contain information about whether he was attending work, as he had represented to Ms. Sullivan, after his discharge from Westwood Lodge.  This information goes to Mr. Satterthwaite's state of mind.  Similarly, the records regarding Mr. Satterthwaite's job performance reflect his state of mind and whether he had any problems working after his discharge from Westwood Lodge.  Finally, if Mr. Satterthwaite had sought counseling through the EAP Program at the Postal Service (which has been indicated during discovery), these records would be highly relevant regarding his state of mind and out-patient support system.

4

Wherefore, the Defendants, Catherine Sullivan, R.N.C., and UHS of Westwood

Pembroke, Inc., respectfully request that this Honorable Court Order the Internal Revenue

Service and the United States Postal Service to produce documents regarding Dennis

Satterthwaite to defense counsel.  The Defendants agree to provide copies of all records they

receive in response to these Orders to all counsel.


## LOCAL RULE 37.1 CERTIFICATION

I, Amy J. DeLisa, certify that, in compliance with Local Rule 37.1, I conferred in good
faith with the Plaintiff's counsel, David McCormick, on or about January 26, 2007, in writing on
February 2, 2007, and on or about February 9, 2007.  Attorney McCormick informed me that he
did not believe these requested records were relevant to this case, and refused to provide me with
any releases to obtain them.



_____/s/ Amy J. DeLisa_____
JANET J. BOBIT, BBO# 550152
AMY J. DeLISA, BBO# 645004
Attorneys for Defendants,
 UHS of Westwood Pembroke, Inc.,
 and Catherine Sullivan, R.N.C.
HUNTER & BOBIT, P.C.
83 Atlantic Avenue
Boston, MA 02110
(617) 371-1440


DATED: _____February 15, 2007_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:05-cv-10606-REK

| | |
|---|---|
| SHERYL SATTERTHWAITE, as Executrix | ) |
| of the Estate of DENNIS SATTERTHWAITE, | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| UHS OF WESTWOOD PEMBROKE, INC., | ) |
| ARTHUR PAPAS, and, | ) |
| CATHERINE SULLIVAN, R.N.C., | ) |
| Defendants | ) |

**DEFENDANTS CATHERINE SULLIVAN, R.N.C. AND UHS OF WESTWOOD
PEMBROKE, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
PLAINTIFF, SHERYL SATTERTHWAITE, AS EXECUTRIX OF THE ESTATE OF
DENNIS SATTERTHWAITE**

The Defendants, Catherine Sullivan, R.N.C. and UHS of Westwood Pembroke, Inc.,

pursuant to Rule 34 of the Federal Rules of Civil Procedure and United States District Court

Local Rule 26.1(C), requests that the plaintiff produce such of the following documents as are in

said plaintiff's possession, custody or control for inspection and copying.

1.  A true copy of the certificate of appointment of Sheryl Satterthwaite as Executrix

of the Estate of Dennis Satterthwaite (hereinafter, "the decedent").

2.  Copies of all W-2's and complete federal and state income tax returns of the

decedent for five years prior to his death in 2002.

3.  Copies of all bills, receipts, or invoices that the plaintiff alleges are related to this

claim, including all medical, hospital, laboratory, and funeral bills.

4.    Copies of all hospital, clinical, medical, counseling, and therapy records of the decedent from 1992 through the decedent's death.  (Releases to the appropriate physicians and hospitals will suffice in lieu of production.)

5.    Copies of any writings or statements, whether written, recorded, transcribed or otherwise memorialized, concerning the subject matter of the instant litigation as alleged in plaintiff's first amended complaint made by any defendant, or any agents, servants or employees of any defendant.

6.    Copies of any and all recorded or written communications between the plaintiff, any member of the decedent's family, any beneficiaries for whose benefit this action is being brought, anyone acting on the plaintiff's behalf, and anyone (other than the plaintiff's attorney) regarding the events alleged in the plaintiff's first amended complaint, including but not limited to communications to and from any governmental agency or insurance company.

7.    Copies of any and all newspaper articles concerning the death of Dennis Satterthwaite, including any obituaries of Dennis Satterthwaite.

8.    Copies of all releases, covenants, or agreements between the plaintiff, her representative(s), or anyone acting on her behalf, and any person or entity

regarding any claim arising out of the events alleged in the plaintiff's first amended complaint.

9.    All bills, receipts, invoices, and any other written materials evidencing any and all damages claimed by the plaintiff as a result of the events alleged in this action, including, but not limited to cancelled checks, money orders, and other evidence of payments made or payments which are expected to be required in the future.

10.    The most recent photograph of the decedent and his immediate family taken prior to his death.

11.    A certified copy of the decedent's death certificate.

12.    Any and all of decedent's diaries, calendars and/or appointment books for the three (3) years preceding his death.

13.    A certified copy of the decedent's autopsy, coroner, and/or medical examiner report(s).

14.    All documentary evidence that you intend to introduce at the trial of this matter.

15.    Copies of all employment records for the decedent for the three (3) years preceding his death.

16.    Copies of the decedent's bank and financial records showing his savings and any and all investments at the time of his death.

17.    Copies of any documents demonstrating financial assistance given by the decedent to anyone claiming to be entitled to recover damages in this action.

18.    Copies of any logs or books that were generated as a result of the funeral, wake, or other memorial service for the decedent.

19.    A copy of the decedent's will.

20.    Copies of all life insurance policies that were payable on the death of the decedent.

21.    Copies of any and all investigative reports, including but not limited to reports from the Department of Public Health, the Department of Mental Health, and/or any other governmental or administrative agency, regarding the subject matter of the instant litigation as alleged in the plaintiff's first amended complaint.

22.    Copies of any and all statements and complaints made to the Department of Public Health, the Department of Mental Health, and/or any other governmental or administrative agency, by the plaintiff, or someone acting on her behalf, regarding the subject matter of the instant litigation as alleged in the plaintiff's first amended complaint.

23.    Copies of any and all suicide notes authored by Dennis Satterthwaite.

Said documents are to be produced at the Law Offices of Hunter & Bobit, P.C., 83

Atlantic Avenue, Boston, Massachusetts 02110, on or before the expiration of thirty (30) days

from the date of service of this request.

 

_____

JANET J. BOBIT, BBO# 550152
AMY J. DeLISA, BBO# 645004
Attorneys for Defendants,
 UHS of Westwood Pembroke, Inc.,
 and Catherine Sullivan, R.N.C.
HUNTER & BOBIT, P.C.
83 Atlantic Avenue
Boston, MA 02110
(617) 371-1440

DATED: _____

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
DEPARTMENT OF
THE TRIAL COURT

SHERYL SATTERTHWAITE, AS          )
EXECUTRIX OF THE ESTATE OF        )
DENNIS SATTERTHWAITE,             )

        Plaintiff

v.

NO. 05-1956-D

UNITED STATES OF AMERICA, UHS
OF WESTWOOD PEMBROKE, INC.,
ARTHUR N. PAPAS, M.D. AND
CATHERINE SULLIVAN, R.N.C.,

        Defendants

_____

**RESPONSE OF PLAINTIFF, SHERYL SATTERTHWAITE, AS EXECUTRIX OF THE
ESTATE OF DENNIS SATTERTHWAITE, TO FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS BY DEFENDANTS, CATHERINE SULLIVAN, R.N.C. AND UHS OF
WESTWOOD PEMBROKE, INC.**

Request No. 1

A true copy of the certificate of appointment of Sheryl Satterthwaite as Executrix of the
Estate of Dennis Satterthwaite (hereinafter, "the decedent").

Response No. 1

The plaintiff responds by producing a copy of the Probate of Will Without Sureties.

Request No. 2

Copies of all W-2's and complete federal and state income tax returns of the decedent for five
years prior to his death in 2002.

Response No. 2

**OBJECTION.** The plaintiff objects to this request on the grounds that state income tax records
are privileged. Without waiving this objection, the plaintiff responds by referring to the
Federal Tax Returns from 1998 and 1999 previously produced to the defendants. The plaintiff is
searching for further documents responsive to this Request and will produce such documents
if/when they are found.

Request No. 3

Copies of all bills; receipts, or invoices that the plaintiff alleges are related to this claim including all medical, hospital, laboratory, and funeral bills.

Response No. 3

The plaintiff responds by referring to the bill from Blanchard Funeral Chapel, Inc. previously produced to the defendants.


The plaintiff reserves the right to supplement this Response.

Request No. 4

Copies of all hospital, clinical, medical, counseling, and therapy records of the decedent from 1992 through the decedent's death. (Releases to the appropriate physicians and hospitals will suffice in lieu of production.)

Response No. 4

**OBJECTION.** The plaintiff objects on the grounds that this Request is overly broad in time and scope and is unduly burdensome. The plaintiff further objects on the grounds that this Request exceeds the scope of F.R.C.P. 34. Without waiving these objections, the plaintiff responds by referring to the Department of Veterans Affairs medical records previously produced to the defendants.

Request No. 5

Copies of any writings or statements, whether written, recorded, transcribed or otherwise memorialized, concerning the subject mater of the instant litigation as alleged in plaintiffs first amended complaint made by any defendant, or any agents, servants or employees of any defendant.

Response No. 5

**OBJECTION.** The plaintiff objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and the work-product doctrine and requests documents prepared in anticipation of litigation or for trial, which are protected by F.R.C.P. 26(b)(3). Without waiving this objection, the plaintiff responds by referring to the medical records, the Department of Mental Health Investigation Report, and the plaintiff's Offers of Proof, all of which have been previously produced to the defendants.

Request No. 6

Copies of any and all recorded or written communications between the plaintiff, any member of the decedent's family, any beneficiaries for whose benefit this action is being brought, anyone acting on the plaintiffs behalf, and anyone (other than the plaintiffs attorney) regarding the events alleged in the plaintiff's first amended complaint,

including but not limited to communications to and from any governmental agency or insurance company.

Response No. 6

**OBJECTION**. The plaintiff objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and the work-product doctrine and requests documents prepared in anticipation of litigation or for trial, which are protected by F.R.C.P. 26(b)(3). The plaintiff further objects that this Request is overly broad, unduly burdensome and is not reasonably calculated to lead to admissible evidence.

Request No. 7

Copies of any and all newspaper articles concerning the death of Dennis Satterthwaite, including any obituaries of Dennis Satterthwaite.

Response No. 7 :

The plaintiff is searching for documents responsive to this Request and will produce such documents if/when they are found.

Request No. 8

Copies of all releases, covenants, or agreements between the plaintiff, her representative(s), or anyone acting on her behalf, and any person or entity regarding any claim arising out of the events alleged in the plaintiffs first amended complaint.

Response No. 8 ~

**OBJECTION**. The plaintiff objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and the work-product doctrine and requests documents prepared in anticipation of litigation or for trial, which are protected by F.R.C.P. 26(b)(3). The plaintiff further objects that this Request is overly broad, unduly burdensome and is not reasonably calculated to lead to admissible evidence.

Request No. 9

All bills, receipts, invoices, and any other written materials evidencing any and all damages claimed by the plaintiff as a result of the events alleged in this action, including, but not limited to cancelled checks, money orders, and other evidence of payments made or payments which are expected to be required in the future.

Response No. 9

The plaintiff responds by referring to Response No. 3.

Request No. 10

The most recent photograph of the decedent and his immediate family taken prior to his death.

Response No. 10

The plaintiff is searching for documents responsive to this Request and will produce such documents if/when they are found.

Request No. 11

A certified copy of the decedent's death certificate.

Response No. 11

The plaintiff responds by referring to the Death Certificate previously produced to the defendants.

Request No. 12

Any and all of decedent's diaries, calendars and/or appointment books for the three (3) years preceding his death.

Response No. 12

**OBJECTION**. The plaintiff objects that this Request is overly broad, unduly burdensome and is not reasonably calculated to lead to admissible evidence.

Request No. 13,

A certified copy of the decedent's autopsy, coroner, and/or medical examiner report(s).

Response No. 13

None.

Request No. 14

All documentary evidence that you intend to introduce at the trial of this matter.

Response No. 14

It has not yet been determined what documents will be introduced at trial.

Request No. 15

Copies of all employment records for the decedent for the three (3) years preceding his death.

Response No. 15

**OBJECTION.** The plaintiff objects that this Request is overly broad, unduly burdensome and is not reasonably calculated to lead to admissible evidence. Without waiving this objection, the plaintiff has no such records in her custody, possession

and/or control.

 Request No. 16

Copies of the decedent's bank and financial records showing his savings and any and all investments at the time of his death.

 Response No. 16

OBJECTION. The plaintiff objects that this Request is overly broad, unduly burdensome and is not reasonably calculated to lead to admissible evidence.

 Request No. 17

Copies of any documents demonstrating financial assistance given by the decedent to anyone claiming to be entitled to recover damages in this action.

 Response No. 17

OBJECTION. The plaintiff objects that this Request is overly broad, unduly burdensome and is not reasonably calculated to lead to admissible evidence.

 Request No. 18

Copies of any logs or books that were generated as a result of the funeral, wake, or other memorial service for the decedent.

 Response No. 18

OBJECTION. The plaintiff objects that this Request is overly broad, unduly burdensome and is not reasonably calculated to lead to admissible evidence.

 Request No. 19

A copy of the decedent's will.

 Response No. 19

OBJECTION. The plaintiff objects that this Request is overly broad, unduly burdensome and is not reasonably calculated to lead to admissible evidence.

 Request No. 20

Copies of all life insurance policies that were payable on the death of the decedent.

 Response No. 20

OBJECTION. The plaintiff objects that this Request is overly broad, unduly burdensome and is not reasonably calculated to lead to admissible evidence. Without waiving this

and/or control.

Request No. 21

Copies of any and all investigative reports, including but not limited to reports from the Department of Public Health, the Department of Mental Health, and/or any other governmental or administrative agency, regarding the subject matter of the instant litigation as alleged in the plaintiffs first amended complaint.

Response No. 21

The plaintiff responds by referring to the Department of Mental Health Investigation Report previously produced to the defendants.

Request No. 22

Copies of any and all statements and complaints made to the Department of Public Health, the Department of Mental Health, and/or any other governmental or administrative agency, by the plaintiff, or someone acting on her behalf, regarding the subject matter of the instant litigation as alleged in the plaintiffs first amended complaint.

Response No. 22

The plaintiff responds by referring to the Department of Mental Health Investigation Report previously produced to the defendants.

Request No. 23

Copies of any and all suicide notes authored by Dennis Satterthwaite.

Response No. 23

**OBJECTION.** The plaintiff objects that this Request is overly broad, unduly burdensome and is not reasonably calculated to lead to admissible evidence. Without waiving this objection, the plaintiff has no such records in her custody, possession and/or control.

By her Attorneys,

SUGARMAN AND SUGARMAN, P.C.

6' Mar

Jodi M. Petrucelli
BBO# 561911
David P. McCormack
BBO# 659006
One Beacon Street
Boston, Massachusetts 02108
617-542-1000

<u>Certificate of Service</u>

I hereby certify that a true copy of the above document was served by regular mail, postage prepaid, on _____ 2006 upon the attorney of record for each party:

James McGovern, Esq.
U.S. Attorney's Office
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston MA 02210

James P. Donohue, Jr., Esq.
Stacey Morris, Esq.
Sloane & Walsh
Three Center Plaza
Boston, MA 02108

Janet Bobit, Esq.
Hunter & Bobit, P.C.
83 Atlantic Avenue
Boston, MA 02110


_____
David P. McCormack

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:05-cv-10606-WGY

SHERYL SATTERTHWAITE, as Executrix    )
of the Estate of DENNIS SATTERTHWAITE,    )
    Plaintiff    )
        )
vs.    )
        )
UNITED STATES OF AMERICA,    )
UHS OF WESTWOOD PEMBROKE, INC.,    )
ARTHUR PAPAS, and,    )
CATHERINE SULLIVAN, R.N.C.,    )
    Defendants    )

AFFIDAVIT OF AMY J. DeLISA IN SUPPORT OF DEFENDANTS CATHERINE
SULLIVAN, R.N.C. AND UHS OF WESTWOOD PEMBROKE, INC.'S MOTION TO
OBTAIN COURT ORDERS TO OBTAIN RECORDS FROM THE INTERNAL REVENUE
SERVICE AND THE UNITED STATES POSTAL SERVICE

1.    I, Amy J. DeLisa, am an attorney licensed in the Commonwealth of

Massachusetts and an associate of Hunter & Bobit, P.C., which has been retained

to represent the Defendants, UHS of Westwood Pembroke, Inc., and Catherine

Sullivan, R.N.C.

2.    On or about January 26, 2007, I spoke with the Plaintiff's counsel, David

McCormick and asked if he would provide executed releases from his client,

allowing me to obtain copies of Mr. Satterthwaite's records from the IRS and

Postal Service.  Attorney McCormick refused to provide these releases, stating

that these records were irrelevant.  He requested that I write him a letter detailing

the relevance of these records.

3.      On or about February 2, 2007, I sent Attorney McCormick a letter, detailing the

relevance of the sought records.  On or about February 9, 2007, I spoke with

Attorney McCormick, who informed me that he did not believe the Postal Service

records were relevant.  He also stated that his client was not alleging a lost

earnings claim, and that Mr. Satterthwaite's tax returns were therefore irrelevant.

Signed under the pains and penalties of perjury this  14th  day of February, 2007.

        _____/s/ Amy J. DeLisa_____
        Amy J. DeLisa

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:05-cv-10606-WGY

SHERYL SATTERTHWAITE, as Executrix )
of the Estate of DENNIS SATTERTHWAITE, )
    Plaintiff )
     )
vs. )
     )
UNITED STATES OF AMERICA, )
UHS OF WESTWOOD PEMBROKE, INC., )
ARTHUR PAPAS, and, )
CATHERINE SULLIVAN, R.N.C., )
    Defendants )

ORDER

    It is hereby ordered that the **Internal Revenue Service** or the person or persons in charge of its records, permit the Defendants, Catherine Sullivan, R.N.C. and UHS of Westwood Pembroke, Inc., or the Attorneys of the Defendants, Janet J. Bobit & Amy J. DeLisa, Hunter & Bobit, P.C., 83 Atlantic Avenue, Boston, Massachusetts 02110, to inspect any and all records, including all correspondence and audits, reflecting that Dennis Satterthwaite owed any money to the Internal Revenue Service.

By the Court,

_____

Dated: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:05-cv-10606-WGY

SHERYL SATTERTHWAITE, as Executrix )
of the Estate of DENNIS SATTERTHWAITE, )
    Plaintiff )
 )
vs. )
 )
UNITED STATES OF AMERICA, )
UHS OF WESTWOOD PEMBROKE, INC., )
ARTHUR PAPAS, and, )
CATHERINE SULLIVAN, R.N.C., )
    Defendants )

<u>ORDER</u>

It is hereby ordered that the **United States Postal Service** or the person or persons in charge of its records, permit the Defendants, Catherine Sullivan, R.N.C. and UHS of Westwood Pembroke, Inc., or the Attorneys of the Defendants, Janet J. Bobit & Amy J. DeLisa, Hunter & Bobit, P.C., 83 Atlantic Avenue, Boston, Massachusetts 02110, to inspect any and all records regarding the following:

1.        Any and all records regarding Dennis Satterthwaite's work attendance records from January 1, 2002 until May 30, 2002;

2.        Any and all records regarding any discipline, warnings, or that reflect any problems with Dennis Satterthwaite's job performance from January 1, 2002 until May 30, 2002; and,

3.          Any and all records regarding Dennis Satterthwaite's visits to the Employee Assistance Program.

By the Court,

_____

Dated: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:05-cv-10606-WGY

SHERYL SATTERTHWAITE, as Executrix        )
of the Estate of DENNIS SATTERTHWAITE,    )
    Plaintiff                             )
                                          )
vs.                                        )
                                          )
UNITED STATES OF AMERICA,                  )
UHS of WESTWOOD PEMBROKE, INC.,            )
ARTHUR PAPPAS, and,                        )
CATHERINE SULLIVAN,                        )
    Defendants                            )

CERTIFICATE OF SERVICE

    I hereby certify that this **DEFENDANTS CATHERINE SULLIVAN, R.N.C. AND UHS OF WESTWOOD PEMBROKE, INC.'S MOTION TO OBTAIN COURT ORDERS TO OBTAIN RECORDS FROM THE INTERNAL REVENUE SERVICE AND THE UNITED STATES POSTAL SERVICE** filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 16, 2007.

               /s/ Amy J. DeLisa
               JANET J. BOBIT, BBO# 550152
               AMY J. DeLISA, BBO# 645004
               Attorneys for Defendants,
               UHS of Westwood Pembroke, Inc.
               and Catherine Sullivan
               HUNTER & BOBIT, P.C.
               83 Atlantic Avenue
               Boston, MA 02110
               (617) 371-1440

DATED:     February 20, 2007