UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERYL SATTERTHWAITE, AS EXECUTRIX OF THE ESTATE OF DENNIS SATTERTHWAITE,<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA, UHS OF WESTWOOD PEMBROKE, INC., ARTHUR N. PAPAS, M.D. AND CATHERINE SULLIVAN, R.N.C.,<br><br>Defendants | NO. 05-10606-WGY |

**MEMORANDUM IN SUPPORT OF THE OPPOSITION OF THE PLAINTIFF TO DEFENDANTS CATHERINE SULLIVAN, R.N.C, AND UHS OF WESTWOOD PEMBROKE, INC.'S MOTION TO OBTAIN COURT ORDERS TO OBTAIN RECORDS FROM THE INTERNAL REVENUE SERVICE AND THE UNITED STATES POSTAL SERVICE**

The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, hereby opposes the defendants, Catherine Sullivan, R.N.C. and UHS of Westwood Pembroke, Inc.'s (collectively the "Defendants") motion to obtain a court order requiring the defendant, United States of America, to produce records from the Internal Revenue Service and the United States Postal Service. (Exhibit 1). The documents the Defendants seek are irrelevant to the present action and unrelated to the care and treatment the defendants provided to Mr. Satterthwaite.

As grounds therefore, the plaintiff states:

**I.    BRIEF STATEMENT OF THE CASE**

This is a medical malpractice wrongful death action arising out of the tragic suicide of Dennis Satterthwaite, a 49 year old father of two who worked for the U.S.

Postal Service.  On April 28, 2002, Dennis Satterthwaite presented to the Jordan Hospital Emergency Room expressing feelings of depression and suicidal ideation with plan and intent.  He was subsequently transferred to McLean Hospital where he remained an inpatient until May 6, 2002.  This was Mr. Satterthwaite's first hospitalization for treatment of mental illness.

After his discharge from McLean Hospital, Mr. Satterthwaite entered a partial hospitalization program at Westwood Lodge Hospital on May 7, 2002.  The defendant, UHS of Westwood Pembroke, Inc., owned and/or operated Westwood Lodge at all material times.  The defendants, Catherine Sullivan, R.N.C. and Arthur Papas, M.D., were primarily responsible for Mr. Satterthwaite's care at Westwood Lodge.  During a couples meeting with Nurse Sullivan, Mr. Satterthwaite and his wife on May 21, 2002, Mr. Satterthwaite expressed suicidal ideation with a plan to slice his throat with a knife from a collection he had at his home.  Despite this expression of suicidal ideation with a plan just two days earlier and other worsening symptoms, Mr. Satterthwaite was discharged from Westwood Lodge on May 23, 2002.

Over the following two days, Mr. Satterthwaite called and physically returned to Westwood Lodge on three separate occasions seeking further evaluation and treatment.  Despite Mr. Satterthwaite's expressions of depression and suicidal ideation, the medical staff and employees of Westwood Lodge refused to admit him on each occasion.  On May 30, 2002, Mr. Satterthwaite was found hanging from a pipe in his rooming house.  His death was ruled a suicide.[1]

_____

1. On May 28th, Mr. Satterthwaite also sought treatment with Dr. John Randolph, an employee of the U.S.A.'s Boston Veteran's Affairs Hospital, which is the basis of the plaintiff's claims against the U.S.A.

## II.    ARGUMENT

The Defendants' motion requests that this Court order the defendant, U.S.A., to produce documents that are wholly irrelevant to the present action and otherwise privileged.  Mr. Satterthwaite's employment status and his correspondence with the IRS are not relevant to the claims asserted against the defendants, or the available defenses to those claims.  There is no claim for lost earning capacity and the only relevant mental status information is what was known to the defendants.  The Defendants' requests are nothing more than a fishing expedition and should be denied.

### A.    Copies of Federal Tax Records and Documents Reflecting Money Owed to the Internal Revenue Service are Privileged and Irrelevant

The Defendants' motion requests that this Court order the defendant, U.S.A., to produce "any and all correspondence between Dennis Satterthwaite and the [I.R.S.] regarding unpaid taxes, penalties and late fees."  The Defendants fail to specify a time period to which this request applies.  The Defendants claim in their motion that these records "are clearly relevant, as they go to Mr. Satterthwaite's state of mind at the time of his suicide", but neglect to explain how any such correspondence would demonstrate or shed any light on Mr. Satterthwaite's state of mind at the time of his suicide.

Although Sheryl Satterthwaite testified in this action that at some point prior to his death Mr. Satterthwaite informed her that he did not believe he should have to pay taxes, there has been no testimony nor evidence that in any way indicates or suggests that Mr. Satterthwaite's suicide was related to financial difficulties or "tax problems" as the Defendants' motion implicitly suggests.  To believe that any such correspondence concerning unpaid taxes would provide any relevant information as to Mr. Satterthwaite's state of mind at the time of his suicide on May 30, 2002 strains logic. Any such correspondence is irrelevant to the present action and need not be produced.

Further, the claims in this case are based on the defendants failure to act and/or provide treatment to Mr. Satterthwaite based on all the information available to them at the time. The defendant, Catherine Sullivan, R.N.C., recommended Mr. Satterthwaite's discharge from the Westwood Lodge program with knowledge of worsening symptoms and increased suicidality. Employees of the defendant, UHS of Westwood Pembroke, Inc., denied Mr. Satterthwaite treatment on three separate occasions in the days before his death. What they might have learned about Mr. Satterthwaite's tax and employment issues if they bothered to listen to him, at this point, is irrelevant.

Should this Court, however, issue an order requiring the production of any such documents, the order should only require that the defendant, U.S.A., produce correspondence for the year 2002, the relevant time period in this action with respect to Mr. Satterthwaite's state of mind at the time of his death.

**B.    Mr. Satterthwaite's Work Attendance and Job Performance Documents are Privileged and Irrelevant**

The Defendants' motion requests that this Court order the defendant, U.S.A., to produce Mr. Satterthwaite's work attendance and job performance records from January 1 through May 30, 2002. There has been no testimony or evidence that indicates or suggests that Mr. Satterthwaite was absent from work or that his employer disciplined and/or warned him in any manner following his discharge from Westwood Lodge on May 23, 2002. There also has been no evidence that Mr. Satterthwaite's suicide was in any way connected to his job or his job performance. The Defendants have claimed that any such records "go to Mr. Satterthwaite's state of mind", but fail to explain how his attendance at work and/or any disciplinary actions he might have received are indicative of his state of mind at the time he committed suicide or how such documents are relevant to the present action. The Defendants have also failed to state why Mr.

4

Satterthwaite's state of mind is relevant to the claims or defenses. By refusing Mr. Satterthwaite treatment, the Defendants insured that they would not be informed of his state of mind. They should not now be allowed to rely on what they would have learned as a defense.

In addition to the lack of relevance these documents have to the present action, the Defendants requests are overly broad and contradict their own statement of the relevant time period. The Defendants unequivocally claim that the purpose of obtaining these records is to determine whether Mr. Satterthwaite attended work and/or had any job performance issues *following his release* from the Westwood Lodge program on May 23, 2002. By the Defendants own admission, the only relevant time period for these requests is from Mr. Satterthwaite's discharge on May 23, 2002 through his death on May 30, 2002. In spite of this, the Defendants have requested any and all such records from January 1, 2002 to May 30, 2002. Any such records are irrelevant to the present action and need not be produced.

Should this Court, however, issue an order requiring the production of these documents, the order should require the defendant, U.S.A., to produce only documents from May 23, 2002 through May 30, 2002.

**C.      Records from the EAP Program at the Postal Service are Privileged**

The Defendants' motion also requests that this Court order the defendant, U.S.A., to produce "copies of any and all treatment records regarding the decedent at the Employee Assistance Program of the United States Postal Service." The Defendants fail to specify a time period to which this request applies. The documents have no relevance to the present action and are outside of the relevant time period as stated by the Defendants themselves.

The only evidence supporting the Defendants' claim that Mr. Satterthwaite sought counseling through the EAP is Sheryl Satterthwaite's testimony that she "believ[ed]" that Mr. Satterthwaite sought counseling through his employer in January, 2002. The Defendants claim that any such records would be "highly relevant regarding his state of mind and outpatient support system." Although not explicitly stated in the Defendants' motion, it can be reasonably assumed that "outpatient support system" and "state of mind" in this regard refer to any outpatient treatment Mr. Satterthwaite received following his discharge from Westwood Lodge and his state of mind during that time. There is no evidence, however, that Mr. Satterthwaite sought any counseling through EAP from the time of his discharge from Westwood Lodge on May 23, 2002 until the time of his death on May 30, 2002. The Defendants fail to explain why they are entitled to records from EAP from January 1, 2002 until May 30, 2002 when they have admitted that the relevant time period is the seven days leading up to Mr. Satterthwaite's death and where there is no evidence that Mr. Satterthwaite sought counseling through EAP during that time period. Any such records are irrelevant to the present action and need not be produced.

Should this Court, however, issue an order requiring the production of any such documents, the order should only require the defendant, U.S.A., to produce records from May 23, 2002 through May 30, 2002.

## III.    CONCLUSION

For the reasons stated above, the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, respectfully requests that this Court deny the defendants, Catherine Sullivan, R.N.C. and UHS of Westwood Pembroke, Inc.'s motion to obtain a court order requiring the defendant, United States of America, to produce

records from the Internal Revenue Service and the United States Postal Service.  If the

Court determines that records should be produced, the plaintiff requests that the order

be limited as outlined in the plaintiff's accompanying Opposition.

PLAINTIFF,

By her attorneys,

SUGARMAN AND SUGARMAN, P.C.

Dated: February 28, 2007

/s/ David P. McCormack
Jodi M. Petrucelli
BBO# 561911
jpetrucelli@sugarman.com
David P. McCormack
BBO# 659006
dmccormack@sugarman.com
One Beacon Street
Boston, Massachusetts 02108
617-542-1000

7

Certificate of Service

I hereby certify that a true copy of the above document was served by regular mail, postage prepaid, on February 28, 2007 upon the attorney of record for each party:

Tony Giedt, Esq.
U.S. Attorney's Office
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston MA 02210

James P. Donohue, Jr., Esq.
Stacey Morris, Esq.
Sloane & Walsh
Three Center Plaza
Boston, MA 02108

Janet Bobit, Esq.
Amy DeLisa, Esq.
Hunter & Bobit, P.C.
83 Atlantic Avenue
Boston, MA 02110


/s/ David P. McCormack
David P. McCormack

198740.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:05-cv-10606-WGY

| | |
|---|---|
| SHERYL SATTERTHWAITE, as Executrix of the Estate of DENNIS SATTERTHWAITE, Plaintiff | ) ) ) ) |
| vs. | ) ) |
| UNITED STATES OF AMERICA, UHS OF WESTWOOD PEMBROKE, INC., ARTHUR PAPAS, and, CATHERINE SULLIVAN, R.N.C., Defendants | ) ) ) ) ) ) |

DEFENDANTS CATHERINE SULLIVAN, R.N.C., AND UHS OF WESTWOOD
PEMBROKE, INC.'S MOTION TO OBTAIN COURT ORDERS TO OBTAIN RECORDS
FROM THE INTERNAL REVENUE SERVICE AND THE
UNITED STATES POSTAL SERVICE

The Defendants, Catherine Sullivan, R.N.C. and UHS of Westwood Pembroke, Inc.,

respectfully request that this Honorable Court Order the Internal Revenue Service and the United

States Postal Service to produce copies of specific documents regarding the Plaintiff's decedent,

Dennis Satterthwaite, to their attorneys. Proposed Orders are attached to this Motion for the

Court's convenience. In support of this Motion, the Defendants state the following:

1.      This is a wrongful death case in which the Plaintiff, Sheryl Satterthwaite, as

Executrix of the Estate of Dennis Satterthwaite, claims that the Defendants provided negligent

care and treatment to her husband, Dennis Satterthwaite, with respect to his depression, and that

their negligence caused Mr. Satterthwaite to commit suicide on May 30, 2002.

2

2.      In their initial Request for Production to the Plaintiff, Ms. Sullivan and UHS of

Westwood Pembroke, Inc., requested, *inter alia*, copies of Mr. Satterthwaite's income tax

returns, copies of any counseling and treatment records, and copies of any employment records

within three years of his death. See Request for Production of Documents, attached as Exhibit

A. The Plaintiff provided tax returns from 1998 and 1999, and stated that she was searching for

additional documents. The Plaintiff did not provide any treatment records from the Employee

Assistance Program through the United States Postal Service. She objected to producing any of

Mr. Satterthwaite's employment records, but also stated that she had no such documents in her

possession, custody or control. See Plaintiff's Response to Request for Production, attached as

Exhibit B.

3.      After consultation with the U.S. Attorney's office, Defendants Catherine Sullivan

and UHS of Westwood Pembroke served a Request for Production on the United States of

America, seeking copies of Mr. Satterthwaite's income tax returns, as well as copies of his

personnel file from the Postal Service, copies of any records regarding his interactions with the

Employee Assistance Program, and copies of his attendance records at the Postal Service.

4.      After learning from the U.S. Attorney that his office would be unable to provide

the requested information regarding Mr. Satterthwaite without a court order or release from the

Plaintiff, counsel for Ms. Sullivan and UHS of Westwood Pembroke, Inc., called the Plaintiff's

attorney to determine if the Plaintiff would provide executed releases, allowing the Defendants

to obtain these records directly. The Plaintiff's attorney refused to provide these releases, stating

that these requested records were not relevant. See Affidavit of Amy J. DeLisa, attached as

Exhibit C.

3

5.    The Defendants request that this Court issue an Order requiring the IRS to provide documents regarding the Plaintiff's decedent. Specifically, the Defendants are seeking copies of any tax records reflecting that Mr. Satterthwaite owed any funds to the Internal Revenue Service. There is evidence that Mr. Satterthwaite was experiencing tax problems prior to his death. These requested records are clearly relevant, as they go to Mr. Satterthwaite's state of mind at the time of his suicide.

6.    Additionally, the Defendants request that this Court issue an Order requiring the United States Postal Service to provide documents regarding the following: (1) Mr. Satterthwaite's work attendance records from January 1, 2002 until the date of his death; (2) any documents regarding any discipline, warnings, or that reflect any problems with Mr. Satterthwaite's job performance from January 1, 2002 until the date of his death; and, (3) any records regarding Mr. Satterthwaite's visits to the Employee Assistance Program. Contrary to the Plaintiff's arguments, these records are clearly relevant to Plaintiff's claims. Mr. Satterthwaite's attendance records will likely contain information about whether he was attending work, as he had represented to Ms. Sullivan, after his discharge from Westwood Lodge. This information goes to Mr. Satterthwaite's state of mind. Similarly, the records regarding Mr. Satterthwaite's job performance reflect his state of mind and whether he had any problems working after his discharge from Westwood Lodge. Finally, if Mr. Satterthwaite had sought counseling through the EAP Program at the Postal Service (which has been indicated during discovery), these records would be highly relevant regarding his state of mind and out-patient support system.

4

Wherefore, the Defendants, Catherine Sullivan, R.N.C., and UHS of Westwood

Pembroke, Inc., respectfully request that this Honorable Court Order the Internal Revenue

Service and the United States Postal Service to produce documents regarding Dennis

Satterthwaite to defense counsel.  The Defendants agree to provide copies of all records they

receive in response to these Orders to all counsel.


### LOCAL RULE 37.1 CERTIFICATION

I, Amy J. DeLisa, certify that, in compliance with Local Rule 37.1, I conferred in good
faith with the Plaintiff's counsel, David McCormick, on or about January 26, 2007, in writing on
February 2, 2007, and on or about February 9, 2007.  Attorney McCormick informed me that he
did not believe these requested records were relevant to this case, and refused to provide me with
any releases to obtain them.



_____/s/ Amy J. DeLisa_____
JANET J. BOBIT, BBO# 550152
AMY J. DeLISA, BBO# 645004
Attorneys for Defendants,
 UHS of Westwood Pembroke, Inc.,
 and Catherine Sullivan, R.N.C.
HUNTER & BOBIT, P.C.
83 Atlantic Avenue
Boston, MA 02110
(617) 371-1440


DATED:    ____February 15, 2007_____