UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERYL SATTERTHWAITE, AS EXECUTRIX OF THE ESTATE OF DENNIS SATTERTHWAITE,<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA, UHS OF WESTWOOD PEMBROKE, INC., ARTHUR N. PAPAS, M.D. AND CATHERINE SULLIVAN, R.N.C.,<br><br>Defendants | NO. 05-10606-WGY |

**MEMORANDUM IN SUPPORT OF THE PARTIAL OPPOSITION OF THE PLAINTIFF TO DEFENDANTS CATHERINE SULLIVAN, R.N.C, AND UHS OF WESTWOOD PEMBROKE, INC.'S MOTION TO OBTAIN COURT ORDERS TO OBTAIN RECORDS FROM CARE PROVIDERS REFERENCED IN PLAINTIF'S DECEDENT'S JOURNALS**

The plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, hereby partially opposes the defendants, Catherine Sullivan, R.N.C. and UHS of Westwood Pembroke, Inc.'s (collectively the "Defendants") motion to obtain a court order requiring South Sore Mental Health, HRI Counseling, Harvard Vanguard Medical Associates, Carney Hospital, Southeastern Psychiatric Associates and Good Shepherd's Maria Droste Services (collectively the "Providers"), to release any and all medical and/or mental health treatment records regarding the plaintiff's decedent, Dennis Satterthwaite. The Defendants' proposed orders are overly broad, require the production of records unrelated to Mr. Satterthwaite's mental health and records outside of the relevant time period and therefore should be properly limited in scope and time.

The Defendants' motion requests that this Court order the Providers to each

produce any and all records regarding Mr. Satterthwaite. The Defendants have failed to limit their proposed orders to mental health records and have also failed to specify a time frame to which these proposed orders apply. The Defendants fail to explain why they are entitled to non-mental health records in a wrongful death medical malpractice case based on negligent psychiatric care and treatment that the defendants provided to Mr. Satterthwaite in May, 2002. There can be no question that Mr. Satterthwaite's mental health records are the only relevant records in this action.

The Defendants admit that Mr. Satterthwaite's journals from which they obtained contact information, phone numbers and/or directions for the Providers were written in 2002. The Defendants have refused to limit their proposed order to records from 2002. Further, the Defendants fail to illustrate the relevance of any pre-2002 records to the negligent care and treatment that they provided to Mr. Satterthwaite in May, 2002.

From April 28 through May 6, 2002, Dennis Satterthwaite was an inpatient at McLean Hospital for treatment of depression and suicidal ideation with plan and intent. This was Mr. Satterthwaite's first hospitalization for treatment of mental illness. From May 7 through May 23, 2002, the Defendants provided care and treatment to Mr. Satterthwaite at Westwood Lodge Hospital. The only relevant time period is from the date of Mr. Satterthwaite's initial hospitalization on April 28, 2002 until his death on May 30, 2002. The Defendants have made no showing that there is any other time period relevant to this action. The Defendants' current proposed orders are yet another step in their ongoing fishing expedition and should be properly limited to the relevant time frame and the relevant category of records. The only records of the Providers concerning Mr. Satterthwaite that may be relevant to the present action are mental health records for the year 2002.

For the reasons stated above, the plaintiff, Sheryl Satterthwaite, as Executrix of the Estate of Dennis Satterthwaite, respectfully requests that this Court limit the defendants, Catherine Sullivan, R.N.C. and UHS of Westwood Pembroke, Inc.'s motion to obtain a court order requiring South Sore Mental Health, HRI Counseling, Harvard Vanguard Medical Associates, Carney Hospital, Southeastern Psychiatric Associates and Good Shepherd's Maria Droste Services as outlined in the plaintiff's accompanying Opposition.

          PLAINTIFF,

          By her attorneys,

          SUGARMAN AND SUGARMAN, P.C.

Dated: March 7, 2007

/s/ David P. McCormack
Jodi M. Petrucelli
BBO# 561911
jpetrucelli@sugarman.com
David P. McCormack
BBO# 659006
dmccormack@sugarman.com
One Beacon Street
Boston, Massachusetts 02108
617-542-1000

<u>Certificate of Service</u>

I hereby certify that a true copy of the above document was served by regular mail, postage prepaid, on March 7, 2007 upon the attorney of record for each party:

Tony Giedt, Esq.
U.S. Attorney's Office
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston MA 02210

James P. Donohue, Jr., Esq.
Stacey Morris, Esq.
Sloane & Walsh
Three Center Plaza
Boston, MA 02108

Janet Bobit, Esq.
Amy DeLisa, Esq.
Hunter & Bobit, P.C.
83 Atlantic Avenue
Boston, MA 02110

<u>/s/ David P. McCormack</u>
David P. McCormack

199353.1

4